PER CURIAM.
| Whit denied. The trial court did not err in summarily denying relator’s application for post-conviction relief in accordance with La.C.Cr.P. art. 929. Relator, who chose to represent himself at trial, may not claim the quality of that self-representation was inadequate. See Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); see also State v. Dupre, 500 So.2d 873, 875 (La.App. 1 Cir.1986). Relator also fails to show appellate counsel provided ineffective assistance by failing to present claims that were clearly stronger than those presented and that there was a reasonable probability the ignored claims would have prevailed on appeal. See Smith v. Robbins, 528 U.S. *1140 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000); see also Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir.1994).
Relator has now filed and fully litigated his application for post-conviction relief in the state courts. Similar to federal habe-as, see 28 U.S.C. § 2244, Louisiana’s post-conviction procedures envision the filing of second or successive petitions only under the narrow circumstances provided for in La.C.Cr.P. art. 930.4. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against granting relief on successive filings mandatory. Relator’s claims are now all fully litigated in state collateral proceedings in ^accordance with La.C.Cr.P. art. 930.6, and the denial of relief has become final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.
JOHNSON, C.J. would grant the writ.
HUGHES, J., would grant the writ.
CRICHTON, J., would grant and remand to the trial court for an evidentiary hearing on the claim of ineffective assistance of appellate counsel.